IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EVAN B. CASEY,

                              Plaintiff,

    v.                                                          ORDER

RENEE SCHUELER, ANGIE HODGE, SALAM SYED,                        18-cv-1002-jdp
ELIZABETH LINDNER, FIONA GIBBONS, NURSE
DENISE VALERIUS, AND BRYAN GERRY,

                              Defendants.

Pro se plaintiff Evan B. Casey is proceeding on claims that prison staff at Columbia Correctional Institution delayed providing him medical treatment for his seizure disorder and wrist injury. Casey has filed several motions that are before the court.

First, he filed two motion seeking leave to amend his complaint to add new claims and new defendants. Dkt. 45 and 61. Casey seeks to add allegations and claims concerning his medical treatment during the time after he filed his original complaint. He also seeks to add claims against the health services manager and warden concerning systemic health care problems at the prison. I will deny these motions. Although the court is to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Casey's motions come too late in this case. Casey did not file his proposed amended complaint until March 6, 2020, more than two years after he filed his original complaint, and only a few weeks before the dispositive motion deadline. Permitting Casey to add new claims and defendants at this stage would require rescheduling the entire case and would be prejudicial to the current defendants. If Casey wants to bring claims based on his recent medical care, he will have to file a new lawsuit.

Second, Casey filed a motion to compel defendant Elizabeth Linder to produce health service request forms that he filed at Columbia Correctional Institution in March and April 2018. Dkt. 46. He also seeks an order requiring Linder to respond to his requests for admissions regarding the health service requests. Linder responded to the motion explaining that she is not an employee of the Department of Corrections and does not have access to Casey's health service request forms.

I will deny this motion. Parties in litigation must produce only those documents within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Parties are not obligated to obtain records to which they do not have access. Because Linder does not have Casey's health service requests in her possession, custody, or control, she cannot provide them to Casey. Nor can she respond to requests for admissions regarding documents to which she does not have access. Casey should direct his discovery requests for copies of his health service request forms to counsel for the state defendants.

Third, Casey filed a motion to compel defendant Fiona Gibbons to respond to interrogatories he submitted in September 2019. Dkt. 47. He says that counsel for the state defendants provided responses for all of the state defendants except Gibbons in October, November, and December, but that counsel has not yet provided responses from Gibbons. Counsel has responded, stating that she had difficulty obtaining responses from Gibbons for technical reasons and because Gibbons is no longer a Department of Corrections employee, but that counsel provided Gibbons's responses to Casey on January 17, 2020. Because Casey has now received Gibbons's responses, I will deny his motion to compel as moot. I will also deny Casey's request that I sanction counsel, as counsel has provided a reasonable explanation for the delay, and Casey has not shown that he was prejudiced.

Fourth, Casey filed a motion to compel the state defendants to provide him copies of all complaints about health services filed by any inmate at Columbia during a specific time period. Dkt. 59. He also asks that defendants be compelled to produce a wrist brace of the same kind that he received in April 2018. I will deny this motion. Casey's first request is overly broad and not relevant to the claims on which he is proceeding in this case. Casey's claims are about his own medical treatment, not the treatment or complaints of other inmates. In addition, such complaints would contain personal medical information that Casey has no right to review. As for the wrist brace, the brace itself would not be useful evidence at summary judgment because the court has no way to assess the effectiveness of a particular type of brace. If Casey's claims regarding treatment for his wrist injury survive summary judgment, he may renew his request to have the wrist brace introduced as an exhibit at trial.

Fifth, Casey has filed a motion requesting that the court appoint an expert witness. Dkt. 57. Although the court has authority to appoint a neutral expert witness under Federal Rule of Evidence 706, I will not do so in this case. It is difficult to find expert witnesses willing and able to provide assistance, so the court exercises its discretion to recruit expert witnesses infrequently. The court appoints expert witnesses only in circumstances in which the court needs an expert to help resolve disputed issues. In this instance, it is too early to tell whether an expert will be necessary to resolve any disputed issues. For example, until this case progresses further, it is not clear whether it will be necessary to resolve disputes about complex medical questions related to Casey's seizure disorder or wrist injury. It may be that Casey's medical records and his own testimony will provide sufficient information to resolve any dispositive motions that are filed. Therefore, I will deny his motion for appointment of an expert.

ORDER

IT IS ORDERED that plaintiff Evan B. Casey's motion to amend and supplement his complaint, Dkt. 45, motion to compel, Dkt. 46, motion to compel and for sanctions, Dkt. 47, motion to compel, Dkt. 59, motion for a court-appointed expert, Dkt. 57, and motion to supplement his complaint, Dkt. 61, are DENIED.

Entered March 6, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge